United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Collazo, Plaintiff, )<br><br>v. )<br><br>Progressive Select Insurance )<br>Company, Defendant. ) | Civil Action No. 20-25302-Civ-Scola |

## Order Denying Motion to Remand

This matter is before the Court upon Plaintiff Kevin Collazo's motion to remand and for attorney's fees and costs. (ECF No. 11.) Collazo seeks an order remanding this case to the Circuit Court of the Eleventh Judicial Circuit in Miami Dade County, Florida, on the grounds that Defendant Progressive Select Insurance Company ("Progressive") failed to timely remove the suit under 28 U.S.C. § 1446 and because the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Upon review and consideration of the motion, the record, and the relevant legal authorities, the Court finds Progressive's removal was timely and that the Court has jurisdiction. Therefore, the Court **denies** Collazo's motion. (**ECF No. 11**). The Court also notes that Collazo has not filed a reply brief and the time to do so has passed.

### 1. Background

On June 27, 2019, Collazo was involved in a car accident with a non-party to this action. (ECF No. 10-4 at ¶¶ 7–10.) On October 30, 2020, Collazo filed a complaint against Progressive, Collazo's insurance policy holder, in Miami-Dade County. (*Id.* at ¶¶ 1, 6.) Under the policy, Progressive provided uninsured motorist coverage to Collazo for damages incurred from the operator of an uninsured vehicle. (*Id.* at ¶ 14) Collazo alleges that Progressive refused to pay the full value of the claim and engaged in unfair claim settlement practices in violation of Fla. Stat. § 624.155. (*Id.* at ¶¶ 18, 27.)

On November 30, 2020, Progressive was served with the complaint. (ECF No. 12-1 at 1.) On December 30, 2020, Progressive removed the action from state court by filing a notice of removal in this court. (ECF No. 1.) In its notice of removal, Progressive alleges Collazo's injuries and treatment exceed $75,000.00, that the parties are diverse, and that the Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 10 at ¶ 9.) On December 31, 2020, Collazo filed a motion to remand, arguing that Progressive's removal is procedurally defective because it was untimely and Progressive waived its right

to remove by filing a motion to dismiss in state court. (ECF No. 11 at 1.) Alternatively, Collazo argues the Court does not have jurisdiction because Progressive has not established by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional threshold. (*Id.*)

**2. Legal Standard**

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's diversity jurisdiction must allege facts that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express* Co., 735 F.3d 1266, 1268 (11th Cir. 2013). The notice of removal must also be timely filed with the Court, pursuant to 28 U.S.C. § 1446(b).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20. Instead, "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To meet this burden, Progressive need only show that it is "more likely than not" that the amount in controversy requirements have been met. *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011).

Further, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir.2010). When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; however, these deductions and extrapolations are not without bounds. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–54 (11th Cir. 2010).

### 3. Analysis

### A. Progressive's removal was timely and proper.

In his motion, Collazo argues Progressive untimely filed its notice of removal after the statutory period for removal expired and, therefore, the Court should remand this case to state court. Conversely, Progressive maintains the removal was timely because it filed the notice of removal within thirty days after receiving a copy of the complaint. After careful review of the record, the Court finds Progressive's notice of removal timely.

Federal law requires that a defendant seeking removal must file a "notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b)(1). Further, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In sum, a defendant must file a notice of removal within 30 days of one of the statute's triggering events.

Collazo filed his initial complaint in Miami-Dade County Circuit Court on November 3, 2020. The complaint and summons were served on the Chief Financial Officer of the State of Florida on November 20, 2020, but Progressive was not served with the summons and complaint until November 30, 2020. (ECF No. 12 at 2.) As such, Progressive's notice of removal, filed on December 30, 2020, was timely filed within the thirty-day statutory period pursuant to 28 U.S.C. §1446(b). Next, the Court finds Progressive has not waived its right to remove. In *Yusefzadeh,* the Eleventh Circuit held that a "[s]tate-court defendant's filing of motions to dismiss in compliance with state rule requiring filing of answer or motions within 20 days of filing of complaint did not constitute litigating on merits effecting waiver of right to remove within federal 30-day time." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir. 2004). Here, Progressive filed a motion to dismiss within twenty days of being served with the complaint as required by Florida law. (ECF No. 12 at 3.) Progressive's compliance with the state's pleading requirements does not equate to substantial defensive conduct indicative of a waiver. Accordingly, Progressive did not waive its removal right by filing a motion to dismiss.

### B. The jurisdictional requirements are met.

Collazo contends the case should be remanded to state court because this Court does not have jurisdiction. Particularly, Collazo asserts Progressive has

not established the amount in controversy exceeds the jurisdictional requirement. In response, Progressive contends that the amount in controversy exceeds $75,000 as evidenced by Collazo's medical bills. The Court agrees. Here, the federal jurisdictional requirements were met at the time of removal.

Federal courts have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a). As an initial matter, the notice of removal alleges that diversity of citizenship exists between the parties. Specifically, the notice of removal alleges that Progressive is a foreign corporation with its principal place of business in Ohio and Collazo is domiciled in Miami-Dade County, Florida. (ECF No. 10 at ¶¶ 4, 5.) Therefore, Progressive has satisfied the element of diversity of citizenship.

The Court now turns to the amount in controversy. Here, Collazo has not claimed a specific amount of damages in his complaint and simply alleges that damages exceed $30,000. (ECF No 10-4 at ¶ 1.) Therefore, Progressive must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See Leonard*, 279 F.3d at 972. Courts have held that a removing party may rely on a pre-suit demand to satisfy the jurisdictional amount if (1) "the document reflects an honest assessment of damages," and (2) the plaintiff "does not contest the veracity of the information contained in the document despite having an opportunity to do so." *Perez-Malo v. First Liberty Ins. Corp.*, 2017 WL 7731958, *3 (S.D. Fla. June 8, 2017) (Moore, J.). But where a pre-suit demand letter is "wholly uncorroborated," the letter is only "pre-suit posturing in the form of a settlement offer." *Garcia v. Scottsdale Ins. Co.*, 2018 WL 8334024, *2 (S.D. Fla. May 24, 2018) (Scola, J.). In the present case, Collazo sought well over $75,000 in his pre-suit demand. Indeed, the policy limits of the policy at issue are $100,000. (ECF No. 12-2 at 2.) And, as Progressive notes, Collazo's pre-suit demand was supported by medical bills totaling $116,593.40, of which at least $87,878.67 remains outstanding, evidencing that the amount in controversy exceeds $75,000. (ECF No. 12 at 3; ECF No. 12-2 at 3–14.) Therefore, the Court concludes Progressive has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

**4. Conclusion**

For the reasons set forth above, the Court **denies** Collazo's motion to remand (**ECF No. 11**).

**Done and ordered**, at Miami, Florida, on January 11, 2021.

Robert N. Scola, Jr.
United States District Judge