United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Collazo, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-25302-Civ-Scola |
| Progressive Select Insurance | ) |
| Company, Defendant. | ) |

**Order on Progressive's Motion to Dismiss**

This matter is before the Court upon Defendant Progressive Select Insurance Company's ("Progressive") motion to dismiss count two of the complaint and to strike a claim for attorney's fees in count one. (Mot. to Dismiss, ECF No. 31.) Plaintiff Kevin Collazo opposes the motion on both grounds. (Resp. in Opp'n, ECF No. 33.) Progressive has timely replied. (Reply, ECF No. 34.) Upon review and consideration of the motion, the record, and the relevant legal authorities, Progressive's motion is **granted in part and denied in part. (ECF No. 31.)**

**1. Background**

On January 10, 2019, Collazo and Progressive entered into an insurance contract whereby Progressive would provide coverage under the terms of the insurance policy in exchange for payment of premiums. (Compl, ECF No. 10–4 at ¶ 11.) Pursuant to the policy terms, Progressive agreed to provide uninsured motorist coverage to Collazo for damages incurred from the operator of an uninsured vehicle. (*Id.* at ¶ 14.) The insurance policy is not attached to the complaint, although Collazo included the policy declaration sheet bearing policy number 922927309 and effective dates of January 10, 2019 through July 10, 2019.

On June 27, 2019, Collazo was involved in a car accident with nonparty Faris Hillaire, who was uninsured at the time of the accident. (*Id.* at ¶¶ 7–10.) Collazo submitted a claim for coverage under the policy's uninsured motorist provision. Progressive denied coverage, refused to pay the full value of the claim, and engaged in unfair claim settlement practices. (*Id.* at ¶¶ 18, 19, 27.)

Collazo initiated this action on October 30, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County. (Compl., ECF No. 10–4.) In count one, Collazo alleges that Progressive improperly denied coverage and payment of his claim under the policy's uninsured motorist provision. Collazo seeks damages and attorney's fees under Fla. Stat. §

627.727 and § 627.428. (*Id.* at ¶¶ 16–20.) In count two, Collazo brings a claim for bad faith practices in violation of Fla. Stat. § 624.155. The complaint alleges that count two will become ripe upon Progressive's confession of judgment or upon a determination that Collazo is entitled to additional or full benefits under the terms of the policy. (*Id.* at ¶ 21.) On December 30, 2020, Progressive removed this action from state court by filing a notice of removal in this court. (ECF No. 1.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper–technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

Progressive has filed a motion to dismiss count two for lack of subject matter jurisdiction because Collazo's bad faith claim is not ripe for review. (Mot. to Dismiss, ECF No. 31 at 2.) Progressive also seeks to strike Collazo's claim for attorney's fees in count one because the relevant statutes do not allow fees under the circumstances of this case. (*Id.* at 3.)

Collazo opposes the motion in its entirety. (Resp. in Opp'n, ECF No. 33 at 1.) Collazo concedes that count two is not yet ripe. He argues that instead of dismissing count two, the Court should abate it until it reaches a determination of coverage and of the value of Collazo's insurance claim. (*Id.* at 4–7.) Collazo also argues that his request for attorney's fees in count one should not be stricken because he has sufficiently alleged that Progressive incorrectly denied him coverage of his claim and it failed to cure before the filing of this action. (*Id.* at 9–10.)

For the reasons explained below, the Court finds that count two is due to be dismissed as premature. Additional factual information is necessary before deciding the merits of Collazo's claim for attorney's fees in count one. Accordingly, Progressive's motion is **granted in part and denied in part**. **(ECF No. 31.)**

### A. Bad Faith Claim is Dismissed as Premature

Progressive moves to dismiss Collazo's bad faith claim arguing that the Court lacks subject matter jurisdiction because the claim is not ripe. Actions against insurers for bad faith under Fla. Stat. § 624.155 do not accrue until the insured's underlying claim for insurance benefits is resolved. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). "The trend in this District has been to dismiss the premature claims against insurance agents without prejudice." *Thomas Mach., Inc. v. Everest Nat'l Ins. Co.*, No. 20-60459-CIV, 2020 WL 2616193, at *6 (S.D. Fla. May 22, 2020) (Altman, J.); *see also Witkin Design Grp., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 16-20484-CIV-MORENO, 2016 WL 1572964, at *3 n.1 (S.D. Fla. Apr. 18, 2016) (Moreno, J.) (resolving the ambiguity of whether to dismiss or abate a premature bad faith claim in favor of dismissal); *Aligned Bayshore Holdings, LLC v. Westchester Surplus Lines Ins. Co.*, No. 18-21692-CIV, 2018 WL 6448632, at *2 (S.D. Fla. Dec. 10, 2018) (Scola, J.) (dismissing bad faith claim as premature).

The Court finds the same result is warranted here. The Court adds that dismissal is appropriate for jurisdictional reasons as well since this Court lacks jurisdiction over claims that are not yet ripe. *Evedon v. USAA Cas. Ins. Co.*, No. 15-22139-CIV, 2016 WL 4083013, at *2 (S.D. Fla. Jan. 19, 2016) (Lenard, J.) ("And while this Court recognizes the administrative benefits of staying or abating the bad faith claim, these concerns cannot override constitutional commands limiting the jurisdiction of federal courts."); *see also Thomas Mach*, 2020 WL 2616193, at *7 (dismissing premature bad faith claim explaining that the court lacks subject matter jurisdiction over a claim that has not yet accrued).

In support of his abatement argument, Collazo cites to this Court's

recent order abating a bad faith claim in *Perez v. Scottsdale Ins. Co.*, No. CV 19-22761-CIV, 2019 WL 5457746, at *4 (S.D. Fla. Oct. 24, 2019). That case is distinguishable because there the parties agreed to abate the bad faith claim until the Court's determination of coverage. *Id.* at *4 (finding that "[g]iven the parties' agreement and the interests of judicial economy, the Court will abate Count IV [for bad faith]."). Here, no agreement has been reached and the parties disagree on whether the claim should be dismissed or abated.

Accordingly, Progressive's motion to dismiss is granted on this ground and count two is dismissed without prejudice.

### B. Request for Attorney's Fees

Under § 627.428, an insured is entitled to an award of attorney's fees if the court enters a judgment in favor of the insured, as follows:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees and compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

The Florida Supreme Court has held that "the payment of a previously denied claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment" that also entitles an insured to attorney's fees under the statute. *Johnson v. Omega Ins. Co.*, 200 So.3d 1207, 1215 (Fla. 2016); *see also J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, 769 F. App'x 698, 705 (11th Cir. 2019). In other words, it is the incorrect denial of benefits that triggers the statute. *J.P.F.D. Inc.*, 769 F. App' x at 705.

Here, the complaint alleges that Progressive denied coverage under the policy and has refused to pay Collazo the full value of the claim. (Compl, ECF No. 10–4 at ¶¶ 18–19.) Progressive refutes that it denied coverage of the claim and that this dispute involves a disagreement about the value of Collazo's covered claim. Progressive claims that because it conceded coverage in its answer to the complaint, that attorney's fees are not permissible.[1] This contention is contrary to the legal principles discussed above. The issue of

---

[1] Progressive's notice of removal includes a June 17, 2020 letter from Collazo to Progressive denying a May 27, 2020 offer to settle Collazo's claim. This letter is not part of the complaint and is not cited in Progressive's written submissions. Without more factual context, the Court declines to consider this correspondence at this time.

whether coverage was denied is better resolved at summary judgment when the Court has the benefit of a complete record, including the policy at issue and the relevant communications between the parties. Indeed, if Progressive never denied coverage and the dispute between the parties is about the amount of the covered loss, then Collazo would not be entitled to attorney's fees. *J.P.F.D. Inc.*, 769 F. App'x at 705 ("JPFD was not entitled to attorney's fees pursuant to § 627.428 because the record established that USIC did not deny benefits under the policy before JPFD filed suit. . . it is important to note that USIC never denied coverage for the water damage to JPFD's building and that the dispute between the parties was about the amount of the covered loss."). Accordingly, Progressive's motion to dismiss is denied on this ground.

### 4. Conclusion

For the reasons set forth above, Progressive's motion to dismiss is **granted in part and denied in part**. **(ECF No. 31.)** The motion is granted as to Collazo's premature bad faith claim in count two and thus, count two is dismissed without prejudice. The motion is denied in all other respects.

**Done and ordered**, at Miami, Florida, on October 5, 2021.

Robert N. Scola, Jr.
United States District Judge