United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Collazo, Plaintiff,<br><br>v.<br><br>Progressive Select Insurance<br>Company, Defendant. | )<br>)<br>)<br>) Civil Action No. 20-25302-Civ-Scola<br>)<br>)<br>) |

### Order Denying Collazo's Motion for Summary Judgment

This matter is before the Court upon Plaintiff Kevin Collazo's motion for summary judgment on the Defendant Progressive Select Insurance Company's ("Progressive") affirmative defenses. (Mot. for Summ. J., ECF No. 47.) Progressive has filed a response in opposition. (Resp. in Opp'n, ECF No. 50.) Collazo has timely replied. (Reply, ECF No. 52.) Upon review and consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Collazo's motion for summary judgment. (**Mot. for Summ. J., ECF No. 47.**)

### 1. Background

The facts of this case are largely undisputed. On January 10, 2019, Collazo and Progressive entered into an insurance contract whereby Progressive would provide insurance coverage in exchange for payment of premiums. (Compl, ECF No. 10–4 at ¶ 11.) Pursuant to the policy terms, Progressive agreed to provide uninsured motorist coverage to Collazo for damages incurred as a result of an accident with an operator of an uninsured vehicle. (*Id.* at ¶ 14.) Additionally, Progressive agreed to pay Collazo for damages that he would be legally entitled to recover from an uninsured motorist. (*Id.* at ¶ 14.)

On June 27, 2019, Collazo was involved in a car accident with nonparty Faris Jonathan Hillaire. (Pl.'s Statement of Facts ("SOF"), ECF No. 46 at ¶¶ 1–2) (Def.'s SOF, ECF No. 49 at ¶¶ 1–2.) Hillaire's vehicle struck Collazo's vehicle in the rear. (Pl.'s SOF, ECF No. 46 at ¶ 2) (Def.'s SOF, ECF No. 49 at ¶ 2.) At the time of the accident, a Florida Highway Patrol Trooper completed a traffic crash report, noting that Hillaire had auto insurance with Security National Insurance Company. (Traffic Crash Report, ECF No. 50–2.) Collazo submitted a claim to Hillaire's insurer and received a settlement in the amount of $10,000 (the policy limit) for his bodily injuries. (Notification of Settlement Letter, ECF No. 50–3.) Although Hillaire had a liability policy in effect at the time of the accident, the policy limit was less than the damages Collazo is entitled to

recover. (Compl, ECF No. 10–4 at ¶ 16.)

Collazo also submitted a claim to Progressive for coverage under the policy's uninsured motorist provision. Progressive did not deny coverage of the claim but refused to pay the full value of Collazo's claim. (Pl.'s SOF, ECF No. 46 at ¶ 7) (Def.'s SOF, ECF No. 49 at ¶ 7.)

Collazo initiated this action on October 30, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County. (Compl., ECF No. 10–4.) Progressive removed this action from state court by filing a notice of removal in this court. (Not. of Removal, ECF No. 1.) In count one of the complaint, Collazo alleges that Progressive improperly failed to pay him uninsured motorist benefits. (Compl., ECF No. 10–4.) In count two, Collazo brings a claim for bad faith practices in violation of Fla. Stat. § 624.155. (*Id.*) This Court dismissed count two as premature. (Order, ECF No. 51.)

### 2. Legal Standard

The Court applies the familiar legal standard for summary-judgment motions. "Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

When the plaintiff is seeking summary judgment on the defendant's affirmative defenses, such as the case at hand, the defendant bears the initial burden of showing that the affirmative defense is applicable. *Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997) (Ungaro, J.) (citing *Blue Cross and Blue Shield v. Weitz*, 913 F.2d 1544, 1552 (11th Cir. 1990)). To satisfy its burden, the defendant must rely on record evidence in support of its affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment. *Id.* If the defending party makes such showing, the burden shifts to the plaintiff regarding that affirmative defense. *Id.*

### 3. Analysis

Collazo moves for summary judgment on all eight of Progressive's affirmative defenses. (*See generally* Mot. for Summ. J., ECF No. 47.) Progressive withdraws affirmative defenses numbers one, four, six, and seven. (Resp. in Opp'n, ECF No. 50 at 2.) Accordingly, the Court need only decide

whether summary judgment is warranted on affirmative defenses numbers two, three, five, and eight. For the reasons discussed below, the Court denies the motion for summary judgment in its entirety.

### A. Affirmative Defense Number Two—Florida's No-Fault Threshold

Collazo seeks summary judgment on Progressive's second affirmative defense, which states that Collazo's injuries, if any, are not permanent in nature and fail to meet the requirements of Florida's No-fault Threshold, Fla. Stat. § 627.737(2). (Answer & Affirmative Defenses, ECF No. 14 at 6.) Section 627.737(2) states:

> In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for her or his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
> (a) Significant and permanent loss of an important bodily function.
> (b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
> (c) Significant and permanent scarring or disfigurement.
> (d) Death.

"The security referred to in section 627.737 is an insurance policy or other equivalent security which provides PIP benefits." *Dauksis v. State Farm Mut. Auto. Ins. Co.*, 623 So. 2d 455, 456 (Fla. 1993). Collazo argues that because Progressive has failed to provide evidence that Hillaire had PIP coverage, it cannot claim the protections of the tort threshold requirement (in other words, the permanency of Collazo's injuries) and Collazo need not prove that his injuries are permanent. (Mot., ECF No. 47 at 10.)

In response, Progressive argues that summary judgment should be denied on this affirmative defense because Hillaire had the requisite security and Hillaire's insurer paid Collazo for his bodily injuries. (Resp. in Opp'n, ECF No. 50 at 9.) Progressive submits two pieces of evidence to show that Hillaire had the necessary insurance. First, Progressive cites to the Florida Traffic Crash Report, which notes that Hillaire maintained an insurance policy with Security National Insurance Company bearing an insurance policy number of 3000G009680206. (Traffic Crash Report, ECF No. 50–2.) Progressive also submits correspondence from Collazo's counsel to Progressive seeking

permission to settle Collazo's claim with Hillaire's insurer. (Notification of Settlement Letter, ECF No. 50–3.) The Court finds that this is sufficient to defeat Collazo's motion for summary judgment. Moreover, the parties fail to address whether Collazo can prove that his injuries satisfy the statutory threshold, and thus, a genuine issue of material fact remains on this point.

Without citing to any case law, Collazo argues that both pieces of evidence are inadmissible at summary judgment. (Reply, ECF No. 52 at 2–3.) The Court rejects this conclusory argument. First, Hillaire's insurance information, which was observed by the police officer who completed the report, may be reduced to admissible evidence at trial. *Evanston Ins. Co. v. Via Ent., LLC*, No. 5:19-CV-562-OC-30PRL, 2020 WL 5995665, at *4 (M.D. Fla. Oct. 6, 2020) (considering police report on summary judgment to confirm that an accident occurred on a date certain and rejecting argument that police report is inadmissible because it is a public record, and it can be reduced to admissible evidence at trial). Second, whether Collazo received the benefit of a settlement with Hillaire's insurance can likewise be reduced to admissible evidence at trial by calling the appropriate witness at trial. *Id.* For these reasons, the Court denies summary judgment on Progressive's second affirmative defense.

### B. Affirmative Defenses Numbers Three, Five, and Eight—Collateral Source Payments

In affirmative defenses numbers three, five, and eight, Progressive attempts to limit its liability by alleging that the collateral source rule limits Progressive's liability to the difference between the sum of collateral source benefits and Collazo's award for medical expenses. (Answer & Affirmative Defenses, ECF No. 14 at 6–8.)

Collazo argues that summary judgment is appropriate on these affirmative defenses because they are insufficient as a matter of law. (Mot. for Summ. J., ECF No. 47 at 11–13.) Specifically, Collazo asserts that the Eleventh Circuit's opinion in *Higgs v. Costa Crociere S.P.A., Co.*, 969 F. 3d 1295 (11th Cir. 2020), unambiguously held that setoffs for medical bill writes offs are improper. On the other hand, Progressive argues that *Higgs* is distinguishable because it is a maritime negligence case and did not address the collateral source rule as an affirmative defense. (Resp. in Opp'n, ECF No. 50 at 11.)

*Higgs* expressly rejected a district court's per se reduction of plaintiff's medical expenses jury award to the amount actually paid by the plaintiff or her insurer. 969 F.3d at 1308, 1317. Progressive's affirmative defenses numbers 3, 5, and 8 likely run afoul of the holding of *Higgs* because they attempt to limit Progressive's liability by reducing amounts paid by collateral sources from Collazo's award of medical expenses. Notwithstanding, the Court does not

grant summary judgment on these affirmative defenses because, as the parties agree, Florida law governs this diversity action and Florida law permits such reductions. *See* Fla. Stat. § 768.76[1]. *See Cronin v. Washington Nat. Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993) (applying Fla. Stat. § 768.76 to an insurance dispute in a diversity case and reducing award by amounts paid by certain collateral sources); *see also Kotchman v. State Farm Mut. Auto. Ins. Co.*, No. 8:15-CV-2482-T-JSS, 2017 WL 10275961, at *1 (M.D. Fla. July 19, 2017) (applying Fla. Stat. § 768.76 to a diversity auto insurance contract dispute and offsetting award by collateral source payments). Neither side has identified what collateral-source payments are at issue in this case nor whether they qualify under the statute. Thus, a genuine issue of material fact remains, and summary judgment must be denied on this ground.

### 4. Conclusion

For these reasons, the Court **denies** Collazo's motion for summary judgment. (Mot. for Summ. J., ECF No. 47.)

**Done and ordered**, at Miami, Florida, on November 15, 2021.

Robert N. Scola, Jr.
United States District Judge

---

[1] Fla. Stat. § 768.76 states "the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists."