United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Collazo, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-25302-Civ-Scola |
| | ) |
| Progressive Select Insurance | ) |
| Company, Defendant. | ) |

**Order Adopting in Part Magistrate Judge's Report and Recommendations**

The Court referred Defendant Progressive Select Insurance Company's ("Progressive") motion to strike and/or limit the testimony of Plaintiff Kevin Collazo's six expert witnesses (Mot., ECF No. 60) to United States Magistrate Judge Jonathan Goodman for a report and recommendations. Magistrate Judge Goodman entered a report recommending that Progressive's motion be granted in part and denied in part. (Report & Recommendation, ECF No. 67). Both parties objected to Judge Goodman's recommendations. The Court held a hearing on the parties' objections on January 18, 2022. The Court has considered Judge Goodman's report, the parties' arguments, the record, and the relevant legal authorities. For the reasons discussed below, the Judge Goodman's report is **adopted in part** (**Report & Recommendation, ECF No. 67)** and Progressive's motion is **granted in part and denied in part**. **(Mot., ECF No. 60)**.

This action stems from dispute between Collazo and his insurer Progressive regarding whether the insurance policy at issue requires Progressive to provide uninsured/underinsured motorist coverage to Collazo for damages incurred as a result of an accident with an operator of a third-party vehicle. (Compl, ECF No. 10–4 at ¶ 14.) In support of his case, Collazo listed six expert witnesses in his Expert Disclosures who can be separated into two categories: (1) one Rule 26(a)(2)(B) life care planning expert, Dr. Santos BiFulco; and (2) five Rule 26(a)(2)(C) treating physician experts, Dr. Todd Narson, Dr. Peter Warheit, Dr. Samuel Popinchalk, Dr. Daryl Eber, and Dr. Michael Smith. Progressive raises a *Daubert* challenge to only Dr. BiFulco's opinions regarding the causation and permanency of Collazo's alleged injuries. Progressive's general justification for striking Collazo's treating physician experts is the deficient Federal Rule of Civil Procedure 26 disclosures.

In his report, Judge Goodman recommended that the Court exclude Dr. BiFulco's opinions regarding causation because his methodology is unreliable. Additionally, Judge Goodman recommended that the Court admit Dr. BiFulco's

remaining opinions regarding the permanency and disabling nature of Collazo's injuries, and associated medical costs.[1] With respect to the treating physicians, Judge Goodman found that Collazo's expert disclosures were deficient and should be amended prior to trial. Judge Goodman further recommended that the Court should preclude the treating physicians from testifying on the issues of causation, future medical care, permanency of Collazo's injuries, and reasonableness of medical charges because Collazo failed to provide expert reports.

Progressive argues that Judge Goodman erred in allowing Dr. BiFulco's opinions regarding the permanency and disabling nature of Collazo's injuries. Specifically, Progressive takes issue with Judge Goodman's finding that Dr. BiFulco's methodology was reliable. In his report, Dr. BiFulco opines that Collazo's alleged injuries are permanent and disabling. (BiFulco Report, ECF No. 60-2.) Dr. BiFulco explains that his opinions are based on a comprehensive review of available medical records and other pertinent documents, conversations with Collazo's treating physicians, including Dr. Popinchalk, his 31 years of experience in medical rehabilitation, and knowledge of governing clinical practice guidelines. (*Id.*) Progressive argues that "Dr. BiFulco's review of [Collazo's] medical history, and a conversation with [Collazo's] treating physician who himself is not qualified to offer opinions on permanency and disability, are similarly insufficient, without conducting adequate testing or utilizing other methodology, to determine whether [Collazo's] alleged injuries are in fact permanent and disabling." (Def. Objections, ECF No. 71 at 6.) This argument is not only repetitive of what was argued before Judge Goodman, but also overlooks Dr. BiFulco's experience in the field, review of Collazo's medical records, and conversation with Collazo's treating physician. *See Deramus v. Sala Motor Freight Line, LLC*, 2009 WL 1664084, at *2 (M.D. Ala. June 15, 2009) (finding expert testimony of life care planner as to future medical are admissible where expert had reviewed the plaintiff's medical records and depositions of the plaintiff's treating physicians); *cf. Rinker v. Carnival Corp.*, 2012 WL 37381, at *2 (S.D. Fla. Jan. 6, 2012) (excluding life care planning expert's report as speculative for, among other reasons, reaching his conclusions without speaking to plaintiff's treating physicians or the plaintiff herself). Moreover, Progressive fails to direct the Court to any case law that supports its argument. Accordingly, Progressive's objection is **overruled**, and Judge Goodman's report is **adopted** on this ground.

---

[1] Judge Goodman also recommended that the Court order Collazo to produce Progressive copies of all invoices submitted by Dr. BiFulco to Collazo. This recommendation is not challenged by either party and is **adopted**.

Collazo challenges Judge Goodman's finding that Dr. BiFulco's methodology was insufficient to support his causation opinion that Collazo's injuries were the result of the car accident at issue in this case. (Plf. Objections, ECF No. 72 at 3.) However, upon careful review of the expert's report, the Court agrees with Judge Goodman's finding. *Scaccetti v. NCL (Bahamas) Ltd.*, No. 17-23888-CV, 2018 WL 6113467, at *4 (S.D. Fla. Nov. 21, 2018) (Torres, MJ.) (allowing life care planner to testify on the baseline estimate of the costs of future medical care but not as to the cause of the injuries). The Court notes that Collazo has failed to advance any legal authority allowing a life care planner to testify as to the cause of an injury. Indeed, the cases cited by the Plaintiff are neither binding nor supportive of his arguments. For example, in *Frometa v. Diaz-Diaz*, No. 07 CIV 6372 (HB), 2008 WL 4192501, at *2 (S.D.N.Y. Sept. 11, 2008), the district court found that an expert's opinions regarding the plaintiff's future care (*not causation*) satisfied the *Daubert* standard. *See also Rosiere v. Wood Towing, LLC*, No. CIV. A. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009). For these reasons, the Court **overrules** Collazo's objection and **adopts** Judge Goodman's recommendation. Dr. BiFulco will be permitted to testify on future medical care, the permanency and debilitating nature of Collazo's injuries, and the associated costs related to future medical treatment.

Moreover, Collazo challenges Judge Goodman's recommendations regarding the testimony of the treating physicians. Judge Goodman found that Collazo's Rule 26(a)(2)(C) disclosures were deficient because they failed to summarize the physician's opinions or provide the factual basis supporting those opinions. Judge Goodman found that this error was harmless and recommended that the Court allow Collazo to amend his Rule 26(a)(2)(C) disclosures. Judge Goodman also recommended that the Court preclude the treating physicians from testifying on the topics of causation, future medical care, permanency, and reasonableness of medical charges because Collazo was required to produce expert reports consistent with Federal Rule of Civil Procedure 26(a)(2)(B). For the reasons explained below, Judge Goodman's recommendations are **adopted in part**.

"When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Products Liability Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.) (internal citation and quotations omitted). In general, treating physicians necessarily form opinions with regard to the cause of a condition or injury during the course of treatment of their patients. "[B]ecause a treating physician considers not only the plaintiff's diagnosis and prognosis,

opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Ore v. Tricam Indus., Inc.*, No. 14-60269-CIV, 2017 WL 6597517, at *5 (S.D. Fla. Oct. 16, 2017) (Scola, J.); *see also David Powers, v. Target Corp.*, No. 19-CV-60922, 2020 WL 1986968, at *3 (S.D. Fla. Apr. 27, 2020) (Bloom, J.).

However, Rule 26(a)(2)(C) "expressly give[s] district courts the discretion to require more-fulsome disclosures—beyond those prescribed in Section (C)—for non-retained experts." *Torres v. Wal-Mart Stores E., L.P.*, No. 19-62352-CIV, 2021 WL 3634632, at *20 (S.D. Fla. Aug. 17, 2021) (Altman, J.). Here, the Court's scheduling order specifically states:

> When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See, Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).

(Scheduling Order, ECF No. 18.) This Court requires a treating physician to author a Rule 26(a)(2)(B) report, stating "when the testimony of the treating physician or provider ventures beyond such matters and includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)." *Muzaffarr*, 2013 WL 3850848, at *1.

Here, as Judge Goodman found, Collazo has failed on both fronts. His Rule 26(a)(2)(C) disclosures are woefully deficient such that the Court (and Progressive) are unable to identify the specific opinions advanced by each treating physician and the factual basis supporting same. Second, Collazo was undoubtedly required to provide a report for the treating physicians to the extent they are expected to testify about causation, prognosis, and any future implications.

Next, the Court considers whether Collazo should be permitted to cure the deficiencies. According to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In determining whether the error is harmless and may be cured, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such

prejudice." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010) (O'Sullivan, M.J.) (quoting *Warner v. Ventures Health Care of Gainsville, Inc.*, 2001 WL 36098008, at *1 (M.D. Fla. Aug. 1, 2011) (internal citations and quotations omitted).

The Court grants Collazo the opportunity to cure his errors. Indeed, the importance of the excluded testimony is significant. The treating physician's testimony is necessary to prove the element of causation, particularly because Dr. BiFulco is precluded from testifying on that subject. The Court notes that Progressive conceded that without the testimony of at least one treating physician, Collazo's case would fail for failure to establish the prima facie element of causation. The remaining factors also weigh in favor of allowing Collazo to cure. Progressive has not identified how it would be prejudiced by a continuance of the trial date to permit Collazo to amend his disclosures and provide the necessary report. On the contrary, Progressive objects to moving forward with trial in February 2022 with only vaccinated jurors, and thus, necessitating a continuance of the trial until May 2022. (Order, ECF No. 82.) The Court's ruling is not an unfettered second chance to disclose several experts to testify on a variety of subjects. Collazo is limited to disclosing **one** expert to testify **only** on the element of causation. This ruling does not prejudice Collazo because Dr. BiFulco is permitted to testify on the topics of his future medical care, the permanency and debilitating nature of Collazo's injuries, and the associated costs related to future medical treatment.

For these reasons, the Court **adopts in part** Judge Goodman's report and recommendations **(Report & Recommendations, ECF No. 67)**; and **grants in part and denies in part** Progressive's motion **(Mot., ECF No. 60)**. Collazo must provide to Progressive his amended Rule 26 disclosures and accompanying report by **February 4, 2022**. Progressive may depose this expert by no later than **March 4, 2022**.

**Done and ordered** in Miami, Florida, on January 19, 2022.

_____
Robert N. Scola, Jr.
United States District Judge