United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Collazo, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-25302-Civ-Scola |
| Progressive Select Insurance | ) |
| Company, Defendant. | ) |

## Order

This matter is before the Court on Defendant Progressive Select Insurance Company's ("Progressive") motion for judgment as a matter of law and motion to alter/amend the final judgment or, in the alternative, for a new trial. (**Mot, ECF No. 123**.) For the reasons below, Progressive's motion is **denied in part and granted in part**.

### 1. Background

The Court assumes the parties' familiarity with the facts of this case. In short, Plaintiff Kevin Collazo was rear-ended by non-party Faris Hillaire on June 27, 2019. At the time, Progressive was Collazo's car insurance provider. Collazo collected $10,000 in insurance benefits from Hillaire's insurer and sought to collect from Progressive per the terms of his insurance policy. It allowed for under/uninsured motorist coverage of up to $100,000. Progressive did not pay the policy's limit, and this suit resulted.

On July 22, 2022, a jury rendered a verdict in Collazo's favor and this Court entered judgment on that verdict. (ECF Nos. 115, 117.) The jury awarded Collazo a total of $844,220.18, which covers Collazo's past medical expenses ($252,00.18), his future medical expenses ($150,500.00), his past noneconomic damages ($274,150), and his future noneconomic damages ($167,570). (Verdict, ECF No. 115.)

Progressive now seeks to "address the errors of law and manifest injustice" from the judgment in Collazo's favor under Federal Rules of Civil Procedure 50 and 59. (Mot. 1.)

### 2. Legal Standards

A judgment as a matter of law is only appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a

reasonable jury would not have a legally sufficient evidentiary basis to find for the party[.]" Fed. R. Civ. P. 50(a)(1). In considering a motion for this relief, the Court must "review the evidence, and the inferences arising therefrom, in the light most favorable to the non-moving party." *S.E.C. v. Ginsburg*, 362 F.3d 1292, 1297 (11th Cir. 2004). The Court "may not weigh the evidence or decide the credibility of witnesses . . . [h]owever, the nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law." *Id.* (cleaned up).

Separately, under Rule 59, "a new trial should be ordered only where the verdict is so excessive as to shock the conscience of the court." *Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) (Atkins, J.), *aff'd*, 119 F.3d 10 (11th Cir. 1997). Where the verdict does not "shock the conscience of the court," remittitur is the appropriate remedy, if warranted. *See id.* "When considering a motion for remittitur, the standard for determining the appropriateness of the award is whether it 'exceeds the amount established by the evidence.'" *Id.* (quoting *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1448 (11th Cir. 1985)).

### 3. Discussion
### A. Motion for Judgment as a Matter of Law

During trial, Progressive sought a judgment as a matter of law under Rule 50(a) on the basis that the weight of the evidence was insufficient to support a verdict in Collazo's favor. The Court denied that motion and the jury rendered its verdict. In its renewed motion pursuant to Rule 50(b), Progressive simply rests "on the record and the evidence established at trial," without providing further argument therefor. Because Progressive has not provided the Court with new argument or even a "scintilla of evidence" to prompt the Court's reconsideration, the Court denies Progressive's motion for judgment as a matter of law.

### B. Motion to Alter the Judgment and/or a New Trial

In its accompanying motion to alter the judgment and/or for a new trial, Progressive asks the Court to reduce the amount of the judgment and/or to award it a new trial on account of Collazo's closing argument.

(1) *The Judgment*

The Court starts with the judgment. It currently reads as follows:

> "A jury rendered a verdict in favor of Plaintiff Kevin Collazo in this action on July 21, 2022. (ECF No. 115.) As required by Federal Rule of Civil Procedure 58, the Court now enters judgment on the verdict in the total sum of $844,220.18, as detailed in the verdict form (*id.*), in favor of Plaintiff Kevin Collazo, and against Defendant Progressive Select Insurance Company."

(ECF No. 117.) Because Progressive's policy only covered Collazo up to $100,000, anything beyond that amount requires a separate showing—which has yet to be made—of Progressive's bad faith. *See* Fla. Stat. § 624.155. For that reason, Progressive would have this Court enter judgment for $100,000 (instead of the full amount of the verdict) as follows:

> "A jury rendered a verdict in favor of Plaintiff Kevin Collazo in this action on July 21, 2022. (ECF 115). The amount of the verdict was $844,220.18. As required by Federal Rule of Civil Procedure 58 and Florida law, the Court now enters a judgment on the verdict in favor of the Plaintiff, and against the Defendant, in the sum of $100,000 the applicable uninsured/underinsured policy limits, which shall bear interest at the lawful rate of X% per annum, per 28 U.S.C. 1961, for which sum let execution issue."

(Mot. 7.) Collazo, on the other hand, asks the Court to enter judgment in the full amount of the verdict while limiting execution to $100,000.

Both parties discuss *Fridman v. Safeco Insurance Company of Illinois*, 185 So. 3d 1214 (Fla. 2016) as the leading authority on this issue. There, the Florida Supreme Court endorsed an intermediate appellate court's suggestion to have "execution issue[] only [up to] the policy limit," while including the total amount of the verdict on the judgment in cases like these. *Id.* at 1229. But it also declined to make of that approach a "rule." *See id.* n.6 ("However, we do not perceive a need for a rule codifying this procedure[.]").

Progressive points out that state trial courts post-*Fridman* have followed the approach of entering judgment in the amount of the policy limit while simply noting the plaintiff's entitlement to the overall verdict amount upon a showing of bad faith. *See Long v. The Travelers Home and Marine Ins. Co.*, No. 2019-CA-7458, 2022 WL 2071955, at *1 (Fla. Cir. Ct. Apr. 4, 2012); *Sandoval v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 1296958, at *1 (Fla. Cir. Ct. March 24, 2022); *Wittschen v. Geico General Ins. Co.*, No. 2016CA000189, 2017 WL 7519277, at *1 (Fla. Cir. Ct. Nov. 17, 2017); *see also Washington v. Gov't Emples. Ins. Co.*, No. 6:16-cv-1775-Orl-40KRS, 2017 U.S. Dist. LEXIS 16933, at *2 (M.D. Fla. Feb. 7, 2017) (discussing state trial court entering a judgment for policy limit).

Yet, the Fourth District Court of Appeals has interpreted *Fridman* to mean that courts are to enter "final judgment in these cases for the full amount of the verdict, while limiting execution of the judgment to the policy amount." *21st Century Centenial Ins. Co. v. Walker*, 254 So. 3d 978, 981 (Fla. 4th DCA 2018), *rev. denied*, 2019 Fla. LEXIS 923 (Fla. June 4, 2019). And at least one state trial court has entered judgment for the full amount of the verdict while offsetting it by the policy limits. *See Whitfield v. Southern-Owners Ins. Co.*, No. 2015CA001608, 2018 Fla. Cir. LEXIS 5448 (Fla. Cir. Ct. Apr. 10, 2018).

Meanwhile, the Middle District of Florida has interpreted *Fridman* to allow for "a partial final judgment for the contract amount, or a judgment which includes the total amount of the verdict, but limits execution to the policy limit." *See Johnson v. State Farm Mut. Auto. Ins. Co.*, 26 Fla. L. Weekly Fed. D20 (M.D. Fla. March 21, 2016). In a factually similar case, the Eleventh Circuit upheld final judgments for amounts that exceeded policy limits, but the issue before it was whether those judgments had to be backed by jury verdicts. *See McNamara v. Government Employees Insurance Company*, 30 F.4th 1055, 1060 (11th Cir. 2022) ("Here, Warren and McNamara's available coverage was $100,000. The final judgments entered against them in amounts of $474,000 and $4,740,000, respectively constituted excess judgments because they exceeded that coverage. Under Florida law, it doesn't matter that these judgments resulted from stipulated settlements instead of verdicts . . . [as such, the plaintiffs] could prove causation in their bad-faith case.").

Upon consideration of these authorities, the Court finds that it may enter a judgment that conditionally awards the full amount of the verdict while limiting its execution to the policy limit, so long as that the Court also explicitly notes that Collazo's ability to collect the full amount of the judgment is contingent upon a separate showing of Progressive's bad faith. *See Fridman*, 185 So. 3d at 1224-25 (the verdict amount is binding upon bad faith proceedings); *see also Levesque v. Gov't Employees Ins. Co.*, 817 Fed. App'x. 670, 672 (11th Cir. 2020) (bad faith proceedings are separate from liability proceedings). Indeed, that is exactly what the trial court did in *Fridman*. Its judgment read, in relevant part, as follows:

> "1. That the Plaintiff, ADRIAN FRIDMAN, recovers from Defendant, SAFECO INSURANCE COMPANY OF ILLINOIS, the sum of $50,000.00, that shall bear interest, pursuant to Florida Statute § 55.03 for which let execution issue, notwithstanding the excess jury verdict rendered in this matter.
> 2. The Court reserves jurisdiction to determine the Plaintiff's right to Amend his Complaint to seek and litigate bad faith damages from the

> Defendant as a result of such jury verdict in excess of policy limits. If the Plaintiff should ultimately prevail in his action for bad faith damages against Defendant, then the Plaintiff will be entitled to a judgment, in accordance with the jury's verdict, for his damages in the amount of $980,072.91 plus interest, fees and costs."

*Fridman*, 185 So. 3d at 1217–18.

However, Progressive says that the verdict should be reduced by $20,000 to reflect the $10,000 Collazo received from Hillaire's insurer and the $10,000 Progressive says it paid Collazo. Collazo agrees to the former set-off but says that Progressive never entered evidence as to its purported payment. (*See also* Joint Pre-Trial Stip. ¶ M, ECF No. 70.) Progressive does not challenge this latter argument in its reply brief nor does a review of the admitted evidence indisputably substantiate that Progressive made a $10,000 payment. As such, the verdict must be adjusted to $834,220.18. *See* Fla. Stat. § 768.76(1) (requiring verdict set-offs for any amounts paid by collateral sources); *Rasinski v. McCoy*, 227 So. 3d 201, 205 (Fla. 5th DCA 2017) (treating a collateral source set-off as distinct from remitting the verdict).

Progressive further argues that Collazo's medical bills were unreasonable and should be reduced for that reason. Its basis for arguing as much is Collazo's own testimony that the bills were for large amounts. Florida law lays out a number of considerations for the Court to consider in evaluating whether a jury award is excessive. Those include whether: the amount awarded is indicative of prejudice, the trier of fact ignored evidence, the trier of fact took improper elements of damage into account, and others. *See* Fla. Stat. § 768.74. The Court does not find any indications to suggest that the jury's verdict need be remitted. The jury sought to compensate Collazo based on the amounts charged by his medical providers, for which evidence was introduced at trial. Progressive's disagreement with the amounts of those fees does not take away from the fact that those amounts are, in fact, due.

Thus, the Court finds no basis for remitting the verdict.

(2) *Request for a new trial*

Next, Progressive says a new trial is warranted because Collazo's attorneys asked the jury to use a per diem calculation in arriving at a damages figure. To be sure, Collazo's attorneys asked the jury to award $6,175,800. (Mot. 11.) They awarded him $844,220.18. That amount includes $252,000.18 for past medical bills.

Still, Progressive says that it is entitled to a new trial because "proper safeguards" were not put into place when Collazo's counsel brought up per

diem calculations. Progressive chiefly complains that the Court overruled its objection to the use of the per diem calculations while closing arguments were being presented. As a result, Progressive says it was "not afforded an opportunity to ask the Court to limit this argument based upon the lack of evidentiary foundation or to specifically instruct the jury that non-economic damages could not be determined with mathematical certainty and that what Plaintiff's counsel was urging was simply their own suggestion for determining damages." (Mot. 13.)

However, the Court finds that the jury's verdict does not "shock the conscience" so as to warrant a new trial in this matter. *See Moses*, 905 F. Supp. at 1057; *Cf. Anderson v. Robinson*, 497 F. 2d 120, 121 (5th Cir. 1974)[1] (rejecting an appeal where a jury explicitly used a per diem argument charged as excessive, without mention of requiring supplemental safeguards). Nor does the Court take Progressive up on its alternative invitation to remit the verdict. The verdict does not exceed the amounts established by the evidence and, as mentioned, the Court does not consider that any of the statutory factors weigh in favor of remitting the same.

The use of per diem arguments is permitted in this Circuit. *See Showan v. Pressdee*, 922 F. 3d 1211, 1220 (11th Cir. 2019) (citing *Baron Tube Co. v. Transp. Ins. Co.*, 365 F. 2d 858, 864 (5th Cir. 1966) (en banc). *Baron* particularly provides that per diem arguments are "nothing more than an effort to persuade the jury to evaluate a long period of pain and suffering in terms of its smaller time equivalents." 365 F. 2d at 865. It further says that the Court need only instruct the jury that the argument is "merely a method of presenting contentions, and is not to be considered as evidence," which may be done "at the time the argument is made, or in the charge to the jury." *Id.*

The Court specifically instructed the jury that "anything the lawyers say is not evidence is not binding on you." (ECF No. 108 at 2.) The Court further advised the jury that there was "no exact standard for measuring" Collazo's past and future noneconomic damages (*id.* at 8), and also emphasized that mortality tables were not binding on them. (*Id.*) The Court opines that these instructions were sufficient to safeguard from any effects a per diem argument may have had in producing an inflated verdict. Indeed, the record shows that the jury took these instructions to heart and rendered a verdict far below the $6,175,800 Collazo put to them.

As such, the Court denies Progressive's requests for a new trial and remittitur.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted all decisions of the Fifth Circuit handed down prior to October 1, 1981 as binding precedent.

### 4. Conclusion

In sum, Progressive's motion is **denied in part and granted in part**. (**ECF No. 123**.) The Court will contemporaneously issue a separate amended judgment consistent with this order. However, the Court will not order a new trial or remittitur of the jury's verdict.

**Done and ordered** in Miami, Florida, on September 26, 2022.

_____
Robert N. Scola, Jr.
United States District Judge